[No. 16163.  Department One.  December 22, 1920.]

WILLIAM PITT TRIMBLE *et al., Appellants,* v. KITSAP COUNTY *et al., Respondents.*[1]

TAXATION (202)—ACTION TO REDUCE ASSESSMENT—EVIDENCE—SUFFICIENCY. Opinion evidence that the taxing officers had assessed land in excess of fifty per cent of its actual value held, in view of conflicting evidence, not to show material over-valuation with the necessary degree of conclusiveness to warrant setting the assessment aside (HOLCOMB, C. J., dissents).

Appeal from a judgment of the superior court for Kitsap county, French, J., entered January 10, 1920, in favor of the defendants, in an action to reduce the assessed valuation and taxes assessed upon lands belonging to plaintiffs, tried to the court on the merits. Affirmed.

*Bausman, Oldham, Bullitt & Eggerman* and *Walter L. Nossaman (J. M. Bryan,* of counsel), for appellants.

*H. E. Gorman,* for respondents.

PARKER, J.—The plaintiffs, Trimble and wife, commenced this action in the superior court for Kitsap county, seeking a decree reducing the assessed valuation made by the taxing officers of that county, for purposes of taxation, upon lands belonging to the plaintiffs, situated on Blake Island in that county; and requiring the county and its officers to accept in full payment of taxes upon the lands for the years in question, a less amount than that levied thereon by the taxing officers of that county in accordance with the alleged excessive assessment. Trial upon the merits, in the superior court, resulted in a judgment denying the relief prayed for, from which the plaintiffs have appealed to this court.

'Reported in 194 Pac. 799.

The only evidence tending to show that the assessed valuation put upon the lands by the taxing officers of the county was fraudulently excessively made, is the testimony of witnesses tending to show that the lands were assessed in excess of fifty per cent of their actual value, and in excess, proportionately, of the assessment of other similar lands in the county. A pains-taking review of the evidence, practically all of which was opinion evidence, and by no means free from conflict, convinces us that it does not warrant the conclusion that the lands in question were valued by the assessing officers in excess of fifty per cent of their real value, as limited by § 9112, Rem. Code, nor that the lands were assessed at a value materially in excess of that at which other similar lands in the county were assessed;—that is, that the evidence does not show such excessive valuation with that degree of conclusiveness calling for interference by the courts in such cases. We think it would be unprofitable to review the evidence in detail in this opinion. The judgment is affirmed.

Fullerton, Mackintosh, and Bridges, JJ., concur.

Holcomb, C. J. (dissenting)—I dissent. I think the lands were assessed out of all proportion to any lands of anywhere near the same class, use, surroundings and possibilities, and therefore with very unjust discrimination.