[No. 16331.    Department One.    August 4, 1921.]

## KETTLE RIVER INDUSTRIAL AND DEVELOPMENT COMPANY, *Appellant,* v. FERRY COUNTY, *Respondent.*[1]

TAXATION (202, 210)—REDUCTION OF ASSESSMENT—EXCESSIVE VALUATION—EVIDENCE—SUFFICIENCY. An assessed valuation of property for tax purposes will not be set aside as constructively fraudulent, in that it was arbitrary and excessive, where the evidence fails to show such excessive valuation with that degree of conclusiveness which would justify the interference of the courts.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered September 18, 1920, upon findings in favor of the defendant, in an action to set aside the assessed valuation on certain lands, tried to the court. Affirmed.

*Zent & Jesseph* and *W. Lon Johnson,* for appellant.
*Charles P. Bennett,* for respondent.

PER CURIAM.—Appellant is the owner of approximately 556 acres of land in Ferry county, and complains of the assessed valuation placed thereon, for the years 1916, 1917 and 1918, for the purposes of taxation. The valuation of which complaint is made is $8,082 for 1916, $8,086 for 1917, and $7,348 for 1918. Its contention is that the assessed value of the property should have been $1,500 for each of those years. It has tendered, as the amount which it thinks due for taxes for the three years combined, the sum of $118.54, whereas the county, the respondent, claims taxes in about five times that amount. The appellant makes no assertion that the respondent's assessing officers were guilty of any actual fraud, but founds its action on the doctrine of constructive fraud, in that the

[1]Reported in 199 Pac. 722.

assessed valuation placed upon the land was arbitrary and excessive.

A statement of facts of 533 pages was produced in the trial of this action, which consumed fourteen days. The abstract, consisting of 186 pages, has been carefully read. The result of such reading leads us to adopt the following portion of this court's opinion in the case of *Trimble v. Kitsap County*, 113 Wash. 527, 194 Pac. 799, where we said:

"The only evidence tending to show that the assessed valuation put upon the lands by the taxing officers of the county was fraudulently excessively made, is the testimony of witnesses tending to show that the lands were assessed in excess of fifty per cent of their actual value, and in excess, proportionately, of the assessment of other similar lands in the county. A painstaking review of the evidence, practically all of which was opinion evidence, and by no means free from conflict, convinces us that it does not warrant the conclusion that the lands in question were valued by the assessing officers in excess of fifty per cent of their real value, as limited by § 9112, Rem. Code, nor that the lands were assessed at a value materially in excess of that at which other similar lands in the county were assessed;—that is, that the evidence does not show such excessive valuation with that degree of conclusiveness calling for interference by the courts in such cases. We think it would be unprofitable to review the evidence in detail in this opinion. The judgment is affirmed."

And so, also, is the judgment of this case affirmed.